UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MISSISSIPPI BANKERS ASSOC.,
CONSUMER BANKERS ASSOC.,
AMERICAN BANKERS ASSOC.,
AMERICA's CREDIT UNIONS,
ARVEST BANK, BANK OF FRANKLIN and
THE COMMERCIAL BANK                                                              PLAINTIFFS

v.                                                      Civil Action No. 3:24cv0792-CWR-LGI

CONSUMER FINANCIAL PROTECTION BUREAU
and ROHIT CHOPRA in his official
capacity as Director of the Consumer Financial Protection
Bureau, 1700 G. St. NW, Washington, DC 20552                                     DEFENDANTS

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
[64] "NOTICE OF OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS"**

Plaintiffs submit this Response in Opposition to the [64] "Notice of Opposition to Defendants' Notice to Stay Proceedings" filed by putative intervenors MyPath and Mississippi Center for Justice ("MCJ"). Plaintiffs would show:

1. It is blackletter law that "[a] person who is not a party of record to a lawsuit has no standing therein which enables him or her to take part in the proceedings." *United States v. Green*, 42 F.R.D. 351, 352 (E.D. Tenn. 1967); *cf. Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (persons whom the court has not permitted to intervene have no standing to appeal a consent decree approving a settlement).

2. Further, [a]ny communication with the court that is intended to be an application for relief or other action by the court must be presented by *motion*…." Miss. Unif. Civ. Dist. Ct. R. 7(b) (emphasis added); *accord* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").

3. Ignoring all of this, and without any leave of Court, nonparties MyPath and MCJ have unilaterally filed a [64] Notice, purporting to oppose agreed relief requested by all Parties to

this Action in a motion. *See* [63] Agreed Motion.

4.     Setting aside for the moment these fatal procedural defects in the [64] Notice, Plaintiffs oppose[1] the request that the Court hold in abeyance the consideration of Plaintiffs' preliminary injunction motion while ***not*** staying the effective date of the Final Rule. Such an approach would cause Plaintiffs substantial prejudice.

5.     Rather, Plaintiffs urge the Court to adopt the Parties' joint proposal to stay *both* the proceedings ***and*** the effective date of the Rule for the same 90-day period to preserve the status quo and avoid prejudicing Plaintiffs while the CFPB's new Acting Director considers the Final Rule.[2]

6.     In its [63] motion to stay, the CFPB requested the Court stay the proceedings in this case for 90 days to "allow the Acting Director to consider the Rule that Plaintiffs challenge in this case." ([63] at 2, ¶ 2.) It also requested the Court grant Plaintiffs' motion for preliminary injunction in part by staying the effective date of the Rule for a corresponding 90-day period, *i.e.*, until December 30, 2025. (*Id.*) The reason for this corresponding request to stay the effective date of the Rule was to "preserve the status quo" while the Acting Director considers its position on the Rule, and to avoid "prejudic[ing] any party" by the requested stay of the litigation. (*Id.*)

7.     The proposed stay of the effective date of the Final rule was fundamental to Plaintiffs' agreement to the CFPB's proposal to stay the proceedings. As explained in Plaintiffs' [12] preliminary injunction motion, Plaintiffs and their members are being forced to incur

---

[1] Due to the nature of this submission, Plaintiffs pray the Court will excuse the normal requirement of a separate memorandum pursuant to Miss. Civ. Unif. Dist. Ct. R. 7(b)(4).

[2] To be clear, Plaintiffs oppose the putative intervenors' [56] pending motion to intervene and will address that motion in accordance with Local Rule 7, as ordered by the Court in its Order of this morning. In this submission, Plaintiffs address solely the putative intervenors' [64] "notice" of opposition to the CFPB's [63] motion to stay.

1

substantial nonrecoverable compliance costs **now** to ensure they are in a position to meet the Final Rule's current effective date of October 1, 2025.

8. Those ongoing compliance obligations were what motivated Plaintiffs to file their complaint the very same day the Final Rule was released, and to file their preliminary injunction motion just a few days thereafter.

9. Absent a stay of the Rule's effective date, Plaintiffs would be unduly prejudiced by the CFPB's proposed stay because it would delay a ruling on Plaintiffs' fully briefed preliminary injunction motion while forcing Plaintiffs to continue to incur nonrecoverable compliance costs in the interim. Plaintiffs were and are, therefore, only amenable to a stay of the litigation if *and only if* there is a corresponding stay of the Rule's effective date.

10. In their submission, MyPath and MCJ request the Court to hold consideration of Plaintiffs' [12] motion for preliminary injunction in abeyance but decline to stay the effective date of the Final Rule. They assert that no stay of the effective date of the Rule is warranted because the requested stay of the litigation will expire before the October 1 effective date of the Rule. But this obviously ignores all the costs that Plaintiffs are incurring now and will be forced to continue to incur over the next three months, to prepare for the Final Rule during the pendency of the requested three-month stay. Plaintiffs strongly object to such an approach.

11. Plaintiffs continue to support the CFPB's [63] motion for corresponding stays to both the litigation and the Final Rule's effective date because such an approach allows the Acting Director time to consider the Final Rule, preserves judicial resources, *and* prevents prejudice to Plaintiffs.

12. However, should the Court *not* agree to stay the effective date of the Final Rule, Plaintiffs ask the Court to also deny the CFPB's [63] motion to stay the proceedings and to

proceed with its consideration of Plaintiffs' [12] preliminary injunction motion as promptly as possible.

WHEREFORE, PREMISES CONSIDERED. Plaintiffs continue to support the CFPB's [63] motion for corresponding stays to both the litigation and the Final Rule's effective date. However, should the Court *not* agree to stay the effective date of the Final Rule, Plaintiffs ask the Court to also deny the CFPB's [63] motion to stay the proceedings and to proceed with its consideration of Plaintiffs' preliminary injunction motion as promptly as possible. Plaintiffs seek such further, alternative and supplemental relief as may be appropriate in the premises.

Respectfully submitted, this the 10th day of February 2025.

        PLAINTIFFS MISSISSIPPI BANKERS ASSOCIATION, CONSUMER BANKERS ASSOCIATION, AMERICAN BANKERS ASSOCIATION, AMERICA'S CREDIT UNIONS, ARVEST BANK, BANK OF FRANKLIN, AND THE COMMERCIAL BANK

By:   s/ *E. Barney Robinson III* (MSB #09432)
       E. Barney Robinson III (MSB #09432)
       Benjamin M. Watson (MSB #100078)
       Samuel D. Gregory (MSB #104563)

        THEIR COUNSEL

OF COUNSEL:

BUTLER SNOW LLP
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) barney.robinson@butlersnow.com
(E) ben.watson@butlersnow.com
(E) sam.gregory@butlersnow.com

3

Ryan T. Scarborough (DC Bar #466956), PHV
Jesse T. Smallwood (DC Bar #495961), PHV
Daniel Boger (DC Bar #1615122), PHV
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024
(P) (202) 434-5000
(F) (202) 434-5029
(E) rscarborough@wc.com
(E) jsmallwood@wc.com
(E) dboger@wc.com

4

## CERTIFICATE OF SERVICE

    I, E. Barney Robinson III (MSB #09432), an attorney for Plaintiffs, do hereby certify that on February 10, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification to all counsel of record.

                                                        s/ *E. Barney Robinson III* (MB # 09432)
                                                        E. Barney Robinson III (MB # 09432)

92345177.v1