UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| MISSISSIPPI BANKERS ASSOC., <br> CONSUMER BANKERS ASSOC., <br> AMERICAN BANKERS ASSOC., <br> AMERICA'S CREDIT UNIONS, <br> ARVEST BANK, BANK OF FRANKLIN and <br> THE COMMERCIAL BANK | PLAINTIFFS |
| v. | Civil Action No. 3:24cv792-CWR-LGI |
| CONSUMER FINANCIAL PROTECTION BUREAU <br> and RUSSELL VOUGHT in his official capacity as <br> Director of the Consumer Financial Protection Bureau, <br> 1700 G St. NW, Washington, DC 20552 | DEFENDANTS |
| MISSISSIPPI CENTER FOR JUSTICE and <br> MYPATH | INTERVENOR-DEFENDANTS |

### **UNOPPOSED MOTION FOR DISMISSAL WITHOUT PREJUDICE**

Plaintiffs, unopposed by Defendants and Intervenor-Defendants, pursuant to Fed. R. Civ. P. 12(b)(1), move for dismissal of this Action and all claims herein without prejudice.[1] Plaintiffs would show:

1. Pursuant to the Congressional Review Act, 5 U.S.C. § 801 – 808, and S. J. Res. 18, 119th Cong. (2025) (enacted), the Consumer Finance Protection Bureau's Final Rule entitled Overdraft Lending: Very Large Financial Institutions, 89 Fed. Reg. 106768-01 (2024), is now of no force and effect. This case is therefore moot due to the lack of a case or controversy.

2. A court lacks subject matter jurisdiction over a moot controversy, which exists when a matter "no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

3. "If a controversy becomes moot at any time during the trial or appellate process,

---

[1] Due to the brevity and unopposed nature of this motion, Plaintiffs respectfully request the Court to excuse them from Miss. Unif. Dist. Ct. Civ. L. R. 7(b)(4)'s requirement of a separate memorandum of authorities.

the court involved must dismiss the suit for want of jurisdiction." *Carr v. Saucier*, 582 F.2d 14, 15 (5th Cir. 1978) (per curiam) (citation omitted).[2]

4.     Where, as here, a district court lacks subject matter jurisdiction, a dismissal must be without prejudice. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) ("a dismissal on jurisdictional grounds alone is not on the merits and permits the plaintiff to pursue his claim in the same or in another forum.").

5.     Accordingly, this Action, including all claims herein, must be dismissed without prejudice.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs move this Court to dismiss the entirety of this Action without prejudice.

Respectfully submitted, this the 13th day of May 2025.

        PLAINTIFFS MISSISSIPPI BANKERS ASSOCIATION, CONSUMER BANKERS ASSOCIATION, AMERICAN BANKERS ASSOCIATION, AMERICA'S CREDIT UNIONS, ARVEST BANK, BANK OF FRANKLIN, AND THE COMMERCIAL BANK

BY:    */s/ E. Barney Robinson III*
       E. Barney Robinson III (MSB #09432)
       Benjamin M. Watson (MSB #100078)
       Samuel D. Gregory (MSB #104563)

       THEIR ATTORNEYS

---

[2] Federal courts possess limited jurisdiction and can only consider "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). The doctrine of mootness "requires that, to show a case or controversy under Article III of the Constitution, 'through all stages of federal judicial proceedings, ...parties must continue to have a personal stake in the outcome of the lawsuit.'" *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)); *see also Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Eng'rs*, 217 F.3d 393, 396 (5th Cir. 2000) ("[T]o qualify as a case for federal court adjudication, a case or controversy must exist at all stages of the litigation, not just at the time the suit was filed.").

OF COUNSEL:

BUTLER SNOW, LLP
1020 Highland Colony Parkway
Suite 1400
Ridgeland, MS 39157
(P) (601) 985-4487
(F) (601) 985-4500
(E) barney.robinson@butlersnow.com
(E) ben.watson@butlersnow.com
(E) sam.gregory@butlersnow.com

Ryan T. Scarborough (DC Bar #466956), PHV
Jesse T. Smallwood (DC Bar #495961), PHV
Daniel Boger (DC Bar #1615122), PHV
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024
(P) (202) 434-5000
(F) (202) 434-5029
(E) rscarborough@wc.com
(E) jsmallwood@wc.com
(E) dboger@wc.com

## **CERTIFICATE OF SERVICE**

I, E. Barney Robinson III hereby certify that on this date I electronically filed the above and foregoing with the Clerk of the Court using the ECF system which provided notice to all counsel of record.

This the 13th day of May 2025.

>                          */s/ E. Barney Robinson III*
>                          E. Barney Robinson III

93276002.v1